UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON R. GARCIA,

                Plaintiff,

      v.

PIERCE COUNTY, *et al.*,

                Defendants.

CASE NO. 3:24-cv-05721-TL-GJL

ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. 9. After reviewing the relevant record, the Court finds there are no exceptional circumstances that require the appointment of counsel at this time and **DENIES without prejudice** the Motion.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In support of his Motion to Appoint Counsel, Plaintiff lists the barriers that are common to *pro se* prisoners. For example, he states that his case is factually and legally complex, that his imprisonment will limit his ability to investigate and litigate due to limited access to the law library, and that having counsel will allow him to better present evidence and examine witnesses during discovery and in trial. *See* Dkt. 9.

The Court has reviewed Plaintiff's Complaint and the factual and legal issues do not appear to be exceptionally complex. Plaintiff alleges that, while incarcerated at the Pierce County Jail, he was exposed to unconstitutional conditions of confinement and Defendants were deliberately indifferent to his serious medical needs arising out of those conditions. Dkt. 5.

The balance of reasons cited by Plaintiff in the instant Motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional circumstances to appoint counsel). While the Court

recognizes the challenges faced by *pro se* litigants in preparing a case without legal counsel, the law dictates that Plaintiff's stated conditions, alone, do not compel this Court to appoint counsel without charge at this time.

Further, at this stage, a likelihood of success on the merits is not apparent in this matter. The Court has directed service of the Complaint, but Defendants are not yet required to answer or otherwise respond. *See* Dkt. 4. Nor are Plaintiff's claims so complex that he cannot articulate them *pro se*. *See* Dkts. 5, 9. In short, Plaintiff does not show the exceptional circumstances warranting the appointment of counsel on his behalf.

Therefore, Plaintiff's request for the appointment of counsel (Dkt. 9) is **DENIED without prejudice**, meaning that Plaintiff may renew the motion at a later date upon a showing of exceptional circumstances.

Dated this 21st day of October, 2024.

Grady J. Leupold
United States Magistrate Judge